IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10-cv-00008-REB-KMT

FEDERAL BOULEVARD APARTMENTS, LLC,
LOWRY VILLAGE APARTMENTS, LLC, and
NORTH CORONADO PARKWAY APARTMENTS, LLC,

    Plaintiffs,

v.

COMMERCIAL SERVICES BUILDING, INC.,
PARK'S GENERAL, INC., and
THE SHERWIN-WILLIAMS COMPANY,

    Defendants,

PARK'S GENERAL, INC.,

    Defendant/Third-Party Plaintiff,

v.

SUNG W. KWEON d/b/a PIKES PEAK SERVICE PAINTING,

    Third-Party Defendant.

## ORDER

This matter is before the court on the parties "Stipulated Motion to Amend Scheduling Order." (Doc. No. 47.) The parties seek to extend discovery deadlines by sixty days and to vacate the current trial date of January 10, 2011, to be reset sixty days later.

This suit arises out of the rehabilitation of several Denver-area apartments.[1] Plaintiffs, Federal Boulevard Apartments, Lowery Village Apartments, and North Coronado Parkway Apartments, contracted with Defendant Commercial Services Building (CSB) for the project. CSB, in turn, contracted with Defendant Park's General to power wash, scrape, sand, prime and repaint the apartments. Defendant The Sherwin-Williams Company supplied written "Exterior Paint Specifications" regarding the paint products used in the rehabilitation of the apartments. Following the repainting of Plaintiffs' properties, the pre-existing vinyl siding employed in the construction of the apartments warped and buckled. Plaintiffs allege breach of contract, breach of warranty, negligence and negligent misrepresentation on the part of Defendants.

Defendant Sherwin-Williams disputes liability, arguing that its limited warranty does not apply because the paint was not applied in accordance with Sherwin-Williams's written specifications and instructions. Defendant Park's General disputes liability, arguing that Sherwin-Williams did not exercise reasonable care in preparing the Exterior Paint Specifications for the projects at issue, and that Sherwin-Williams represented to Park's General and its subcontractor, Sung Kweon d/b/a Pikes Peak Service Painting, that it would provide a five year warranty to the vinyl siding so long as the paint was applied in accordance with the specifications. Defendant Park's General asserts cross-claims for negligence and negligent misrepresentation against Defendant Sherwin-Williams. Defendant Park's General also filed a Third-Party Complaint against Sung Kweon for negligence, negligent misrepresentation, breach

---

[1] The following description of the case was provided by the parties in the Scheduling Order entered on April 20, 2010. (Doc. No. 25.)

of implied warranty and contribution, in the event that the site preparation and painting was not performed in a good and workman-like manner and consistent with Sherwin-Williams's specifications.

The court held a Scheduling Conference on April 20, 2010 and entered a Scheduling Order setting discovery deadlines. (Doc. No. 25.) Although Defendant Park's General had filed its Third-Party Complaint at that time, Third-Party Defendant Sung Kweon had not yet answered and did not participate in the Scheduling Conference. Sung Kweon filed its answer on April 30, 2010. (Doc. No. 30.) By order entered May 25, 2010, District Judge Robert E. Blackburn set trial for January 10, 2011, a trial preparation conference for January 7, 2011, and October 20, 2010 as the deadline for motions raising issues under Federal Rule of Evidence 702. (Doc. No. 33.)

On August 5, 2010, Third-Party Defendant Sung Kweon filed an unopposed motion to amend the scheduling order. (Doc. No. 44.) Sung Kweon indicated that it had just obtained authorization to inspect the properties and had arranged for the inspection on August 17, 2010, a date when all parties could attend, but the parties would need additional time to disclose their experts. Sung Kweon requested an extension of the expert designation and attendant discovery deadlines. The court granted the motion in part and extended the deadlines for disclosing affirmative and rebuttal experts. (Doc. No. 46.)

The parties now jointly request a sixty day extension of all discovery deadlines as well as the trial setting. (Doc. No. 47 at ¶ 6.) They explain that the inspection of the properties on August 17, 2010 revealed that, in addition to the type of paint and its effects, the technical

3

qualities and behavior of vinyl siding will be an issue in this case. (*Id.* at ¶¶ 3-4.) The parties will require additional expert investigation and analysis on vinyl siding as well as other areas related to damages. (*Id.* at ¶ 4.) Because the scope of the litigation as significantly expanded, the parties agree that the current discovery and expert deadlines do not provide sufficient time to investigate all required issues. (*Id.*)

Under Federal Rule of Civil Procedure 16(b) a scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b)(4). The Rule 16(b) standard

> does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal citations omitted).

The court finds that the parties have demonstrated good cause to amend the scheduling order. It appears that the matter was slightly delayed due to Third-Party Defendant Sung Kweon's late entry into the case. The parties have been diligent in the discovery of this case and, the court notes, have not sought court intervention to resolve any discovery disputes. Nevertheless, they were unable to arrange for an inspection of the property until August 17, 2010. This inspection revealed that the parties will need additional expert investigation and analysis. No party will be prejudiced by an extension as all parties agree that the scope of

4

litigation has expanded and additional time is needed to investigate all the issues.  Trial is set before the court.

Accordingly, the parties' "Stipulated Motion to Amend Scheduling Order" (Doc. No. 47) is **GRANTED**.  The deadlines are extended as follows:

|  |  |
|---|---|
| Discovery Cutoff: | December 20, 2010 |
| Dispositive Motions Deadline: | December 27, 2010 |
| Expert Witness Disclosure: | November 9, 2010 |
| Rebuttal Witness Disclosure: | December 7, 2010 |
| Deadline for Interrogatories, Requests for Production of Documents and/or Admissions: | October 19, 2010 |

Moreover, the court recommends that the trial date, the trial preparation conference date, and the deadline for filing motions raising issues under Federal Rule of Evidence 702, be extended to a date certain, at least sixty days later than their current settings.

Dated this 25th day of August, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge