IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10-cv-00008-REB-KMT


FEDERAL BOULEVARD APARTMENTS, LLC,
LOWRY VILLAGE APARTMENTS, LLC, and
NORTH CORONADO PARKWAY APARTMENTS, LLC,

      Plaintiffs,

v.

COMMERCIAL SERVICES BUILDING, INC.,
PARK'S GENERAL, INC., and
THE SHERWIN-WILLIAMS COMPANY,

      Defendants,

PARK'S GENERAL, INC.,

      Defendant/Third-Party Plaintiff,

v.

SUNG W. KWEON d/b/a PIKES PEAK SERVICE PAINTING,

      Third-Party Defendant.

---

**ORDER**

---

This matter is before the court on the "Stipulated Motion to Amend Scheduling Order" (Doc. No. 52, filed November 9, 2010). The parties seek permission to amend the Scheduling Order to allow Third Party Defendant Sung W. Kweon's late designation of a computer forensic expert, together with the expert's report and other documentation required by Fed. R. Civ. P.

26(a)(2), on February 7, 2011.  The current date for such expert disclosures is November 9, 2010, the date upon which the motion was filed.

As summarized in the Motion, This matter arises from alleged defects in the painting work conducted on three multi-unit residential apartment complexes owned by the Plaintiffs. Plaintiffs allege that the vinyl siding at the Projects began to warp, buckle, and show other signs of distress after it was repainted by Kweon, a subcontractor of Defendant Park's General, Inc., using Defendant The Sherwin Williams Company's ("Sherwin Williams") paint products. (Mot., ¶ 1.)  As grounds for modification of the Scheduling Order, the parties state that as part of discovery,

> Sherwin Williams' representatives have testified that the written specifications [for proper paint application] were generated on a certain date, and that they were subsequently printed and hand-delivered to Kweon. Kweon has testified that he never received the written specifications. A number of the parties contend that, had the specifications been followed, the defects complained of would not have occurred.

(Mot. at ¶ 4.)  The parties claim this information arose as part of several depositions, but was not fully disclosed until August 22, 2010[1].  (*Id.* at ¶ 9.)  The parties also claim resolution of this dispute is "critical to determination of the liabilities of the respective defendants."  (*Id*. at ¶ 4.) However, Kweon did not direct discovery to Sherwin Williams about the drafting and communication of the written paint specifications until 58 days later, after consultation with a "computer forensic expert."  (*Id*. at 9.)  Further, Kweon has apparently agreed with Sherwin

---

[1] August 22, 2010 fell on a Sunday.  The court considers it unlikely that the parties were engaged in a deposition on a Sunday, however will presume that the information was completely known to Kweon on or about the date stated.

Williams to an extension of the discovery cut off date without a court order as well as to an extension of time for Sherwin Williams to respond to the discovery requests,[2] and now informs the court that Sherwin Williams is not scheduled to produce the requested materials until December 22, 2010.

Under Federal Rule of Civil Procedure 16(b) a scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b)(4).  The Rule 16(b) standard

> does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal citations omitted).

The court agrees with the parties' assessment that information concerning drafting and communication of the paint specifications from Sherwin Williams to Kweon is important under the circumstances of the case.  However, the total time elapsed between the last day when Kweon was definitely on notice about Sherwin Williams' assertions with respect to delivery of the specifications to Kweon and the date by which Sherwin Williams is now scheduled to respond to discovery regarding the same is 122 days—over <u>four</u> months.  In addition, the parties

---

[2] The standard response time to written discovery is thirty days; including a three day mailing provision, the answers to written discovery propounded by Kweon on October 19, 2010 would be due on November 21, 2010.

seek permission to wait another 47 days for Kweon to designate and file an expert's report and supporting documentation, if necessary, to challenge the delivery of the specifications. This period of delay does not constitute due diligence.

This court recognizes, however that all parties concur that some extension of the expert disclosure date for this one potential expert is reasonable under all the circumstances. Therefore, it is

**ORDERED** that the "Stipulated Motion to Amend Scheduling Order" (Doc. No. 52) is **GRANTED IN PART** as follows:

1. The Discovery Cut Off date in this matter of December 20, 2010, will **not** be extended. Sherwin Williams is directed to submit its responses to Kweon's discovery propounded on October 19, 2010 **on or before December 20, 2010.**

2. Kweon will be allowed to designate one additional computer forensic expert to address issues concerning the drafting and communication of paint specifications as defined herein, if he so chooses, together with all information required pursuant to Fed. R. Civ. P. 26(a)(2), on or before **January 17, 2011.** Parties may designate rebuttal experts, with appropriate reports, to this single expert, if any, on or before **February 14, 2011.**

4

3.      No further discovery dates will be extended based on the information as

related herein, including the dispositive motions deadline which remains as **December 27, 2010.**

Dated this 12th day of November, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge