IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10-cv-00008-REB-KMT


FEDERAL BOULEVARD APARTMENTS, LLC,
LOWRY VILLAGE APARTMENTS, LLC, and
NORTH CORONADO PARKWAY APARTMENTS, LLC,

      Plaintiffs,

v.

COMMERCIAL SERVICES BUILDING, INC.,
PARK'S GENERAL, INC., and
THE SHERWIN-WILLIAMS COMPANY,

      Defendants,

PARK'S GENERAL, INC.,

      Defendant/Third-Party Plaintiff,

v.

SUNG W. KWEON d/b/a PIKES PEAK SERVICE PAINTING,

      Third-Party Defendant.

---

**STIPULATED PROTECTIVE ORDER RE:
DOCUMENTS PRODUCED BY THE SHERWIN-WILLIAMS COMPANY**

---

The Sherwin-Williams Company, Plaintiffs Federal Boulevard Apartments, LLC, Lowry

Village Apartments, LLC, and North Coronado Parkway Apartments, LLC, and Defendants Park's

General, Inc., and Sung W. Kweon d/b/a Pikes Peak Service Painting, by and through their

respective counsel, hereby stipulate to the entry of a protective order regarding documents produced by Sherwin-Williams the following terms:

1.      Documents (used in the broad sense to include any data, picture, tangible thing, diagram or information in any form whatsoever) designated as "confidential," copies of such documents, the content or substance of such documents, along with the substance, meaning and words of any designated deposition or courtroom testimony, shall be referred to herein as "Confidential Information."  Confidential Information shall not be disclosed to any person without the prior written consent of the party who has designated the information as confidential, except as provided in Paragraph 2.  The term "Confidential Information" shall not include information or documents, as shown by written records, that is (a) in the possession of the Plaintiffs or Defendants to this lawsuit prior to its production by Sherwin-Williams or (b) in the public domain prior to its production by Sherwin-Williams.  However, any analyses, interpretations, compilations, studies, or evaluations of Disclosed Information may be designated as Confidential Information consistent with this Protective Order.

2.      Confidential Information may be disclosed to:

(a)      Legal counsel to Sherwin-Williams and the parties in this action and in-house counsel who are actively engaged in the conduct of this litigation, including such counsel's partners, associates, secretaries, and paralegal assistants, whether employees or independent contractors, to the extent reasonably necessary to render professional services in this litigation;

(b)     The parties in this action, including their present officers, agents, directors and employees, and in any event, not more than four of such officers, agents, directors and employees who have been charged by their respective employers with the responsibility for making business decisions dealing with this action or who possess information relevant to this action, and who must agree to be bound by the terms of this Stipulation for Protective Order by executing the "Consent to Stipulated Protective Order Re: Documents Produced by The Sherwin-Williams Company." Such persons shall not use or disclose such Confidential Information for any purpose other than in preparation for, or proceedings concerning, this action and any appeal therein;

(c)     Testifying or non-testifying experts or consultants retained solely for the purposes of this litigation; and

(d)     Witnesses in this litigation during examination at deposition or trial, and court officials involved in this litigation, including court reporters, persons operating video recording equipment at depositions, and any special masters appointed by the Court.

3.     Legal counsel for the parties to this litigation are responsible for advising the persons described in paragraph 2, above, of the terms of this Order and their obligations under this Order.

4.     Any person described in subparagraphs 2(b) and (c) above may only have access to Confidential Information provided that, before disclosure of Confidential Information, such person is advised by the attorneys to the parties in this litigation of the existence and terms of this Order and acknowledges in writing that he or she is subject to and consents to this Order.

5.      Confidential Information received in this litigation shall not be used for any purpose other than in and for this litigation through its final order on appeal, if any.

6.      Documents produced in this action by Sherwin-Williams for inspection and copying by any other party, whether such production is made voluntarily in response to an informal request, in response to a formal *subpoena duces tecum* by a party to this litigation, or pursuant to an order of the Court, may be designated as "confidential" and subject to the Court's Order approving this Stipulation. Sherwin-Williams may designate documents as "confidential" by marking such documents "CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER."

7.      Deposition or hearing testimony which relates to Confidential Information can be designated by either party as confidential by a notice in writing specifically delineating the portions of the transcript that are confidential. Such notice shall be sent within sixty (60) days of the date of the deposition testimony, and all deposition testimony shall be considered confidential until the earlier of (i) sixty (60) days after the date of the deposition, or (ii) the date a notice delineating the confidential portions of the transcript is sent.

8.      Subject to the applicable Rules of Evidence, Confidential Information may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence gives advance notice to counsel for Sherwin-Williams. Such notice may be provided by the parties' respective

witness and exhibit lists submitted with the Pretrial Order.  To the extent that any exhibit or witness testimony has been designated as "confidential" under the terms of this Order, Sherwin-Williams may move the Court for an order that the evidence be received in camera or under other conditions that prevent disclosure.  The Court then will determine whether the proffered evidence should continue to be treated as confidential and what protection may be afforded to such information at trial.

9.      Sherwin-Williams may apply to the Court for an order modifying or extending this Order, upon a showing that information requested in discovery requires more stringent protection against disclosure than is provided by this Order.

10.      Upon final termination of this civil action, including all possible appeals, at the request of Sherwin-Williams, the parties shall return to Sherwin-Williams all documents and information designated as Confidential, including any copies, description, summaries or documents containing information taken from them.

11.      Nothing in this protective order shall be construed to limit Sherwin-Williams' ability to disclose, distribute, and disseminate any documents or information designated as Confidential however it deems fit.

12.     The parties and all persons who consent to this protective order agree to be bound

by its terms as of December 15, 2010, notwithstanding the date that the order may actually be

entered by the Court.

Dated this 22nd day of December, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

Respectfully submitted this 20th day of December, 2010.

MARKUSSON, GREEN & JARVIS, P.C.

*s/ Richard W. Pruett, Esq.*

By_____

Dennis H. Markusson, Reg. No. 16740
Richard W. Pruett, Reg. No. 31174
950 17th St., Suite 1050
Denver, CO 80202
Phone: (303) 572-4200

Attorneys for The Sherwin-Williams Company

WRIGHT GINSBERG BRUSILOW, P.C.

*s/ Alan Jeffry Harlan, Esq.*

By _____

Alan Jeffry Harlan, Esq.
600 Signature Place
14755 Preston Road

6

Dallas, TX 75254

Attorney for Plaintiffs

MURRAY & DAMSCHEN, P.C.

By  *s/ Darrell D.B. Damschen, Esq.*
_____

1536 Cole Blvd, Suite 335
Lakewood, CO 80401

Attorney for Defendant Park's General, Inc.

OVERTURF, McGATH, HULL &
DOHERTY, P.C.

*s/ Brandon P. Hull, Esq.*

_____

Brandon P. Hull, Esq., Reg. No. 25067
January D. Barrett, Esq., Reg. No. 37006
625 E. 16th Ave., Suite 100
Denver, CO 80203

Attorneys for Defendant Sung W. Kweon d/b/a
Pikes Peak Service Painting

7